**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**TEELEA NII,**

Plaintiff,

v.

**Civil Action No. 5:20-CV-216**
Judge Bailey

**NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,** a
Subsidiary of American International
Group, Inc.,

Defendant.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS

Currently pending before this Court is Defendant's Motion to Dismiss [Doc. 8], filed

February 25, 2021. Therein, defendant asks this Court to dismiss the Amended Complaint

under the doctrine of *forum non conveniens.* Plaintiff filed her response to the motion

[Doc. 12] on March 29, 2021, and defendant filed a reply [Doc. 16] on April 9, 2021.

Accordingly, the Motion is fully briefed and ripe for decision. For the reasons that follow,

the Court will deny the Motion.

## BACKGROUND[1]

This case arises out of alleged misconduct by a provider of liability insurance. The

remaining defendant in this case, National Union Fire Insurance Company of Pittsburgh,

PA, provides Employment Practices Liability Insurance to Robert E. Murray, The Ohio

---

[1]The information in this section is as alleged in the Amended Complaint [Doc. 4].

1

Valley Coal Company, and Murray Energy Corporation (collectively, "the Murray Companies"). In December 2016, plaintiff in this case filed a lawsuit in the Court of Common Pleas, Belmont County, Ohio, against the Murray Companies for claims of employment discrimination; that suit is still ongoing.

Although defendant provides liability insurance to the Murray Companies, it did not provide attorneys for the Belmont County case. Instead, the Murray Companies hired their own attorneys, whom the plaintiff alleges engaged in "scorched earth tactics." This included unlawful and harassing conduct at the depositions of both Ms. Nii and Mr. Murray. Plaintiff further alleges that defendant has failed to engage in good faith negotiations, instead "relying upon and condoning the course of retaliatory and intimidating conduct of [the Murray Companies] and their counsel." [Doc. 4 at ¶ 27].

Plaintiff filed this suit, alleging that defendant aided and abetted unlawful discriminatory acts in violation of the West Virginia Human Rights Act ("WVHRA"), that it authorized and condoned intimidation and retaliation against a witness in violation of W.Va. Code § 61-5-27, and that defendant's actions constitute tortious interference with a West Virginia contract.

## LEGAL STANDARD

A defendant invoking *forum non conveniens* "bears a heavy burden" in opposing the plaintiff's chosen forum. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007). This Court previously summarized the doctrine of *forum non conveniens* in *Beck v. Progressive Advanced Ins. Co.*:

Under the doctrine, "when an alternative forum has jurisdiction to hear

2

the case, and trial in the chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to plaintiff's convenience, or the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems," the court may dismiss the case even where jurisdiction and proper venue are established. [*Sinochem*, 549 U.S. at 429] (internal quotations omitted) (citing *Am. Dredging Co. v. Miller*, 510 U.S. 443, 447–48 (1994)).

However, since the advent of 28 U.S.C. § 1404, which permits a federal district court to transfer a case to an alternative federal district court based upon the convenience of the parties, *forum non conveniens* is rarely applicable in federal courts; it is "largely limited . . . to cases where the alternative forum for litigating the dispute is outside of the United States." *See, e.g.*, *Compania Naviera Joanna SA v. Koninklijke Boskalis Westminster NV*, 569 F.3d 189, 201 (4th Cir. 2009). The Supreme Court, however, has noted that the doctrine may "perhaps" apply "in rare instances where a state or territorial court serves litigational convenience best." *Sinochem*, 549 U.S. at 430 (citing 14D C. Wright, A. Miller, & E. Cooper, Fed. Prac. & Proc. § 3828, pp. 620–23 & nn.9-10 (3d ed. 2007)).

*Beck v. Progressive Advanced Ins. Co.* No. 5:14-CV-24, 2014 WL 1479873, at *4 (N.D. W.Va. Apr. 15, 2014) (Bailey, J.). In making a *forum non conveniens* determination, this Court considers several factors including: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process for securing attendance of unwilling

3

witnesses; (3) the cost of securing attendance of willing witnesses; and (4) the public interest, including administrative burdens, the interest in having a local controversy decided locally, and having the trial of a diversity case in a forum at home with the governing state law." *Id.* (citing *Am. Dredging*, 510 U.S. at 448–9).

## DISCUSSION

Defendant argues that the Court of Common Pleas of Belmont County, Ohio, is the more appropriate forum to decide the issues in this case. Defendant relies on the public interest factors set forth in *American Dredging*. It contends that "[a]ny litigation misconduct for which Ms. Nii wishes to hold National Union responsible happened in the context of her Belmont County, Ohio, lawsuit," and that therefore "this Court cannot make determinations regarding whether the defense attorneys retained by The Murray Companies actually engaged in misconduct in their defense of that lawsuit without interfering with that judge's oversight of that lawsuit." [Doc. 9 at 9–10]. Further, defendant argues that, applying the "most significant relationship" test set forth in the Restatement (Second) of Conflict of Laws, Ohio law should apply to this case, so that this Court is not "a forum at home with the governing state law." [Id.].

In response, plaintiff argues that several private and public interest factors weigh against dismissal. Several of the underlying events took place in West Virginia, including several depositions, as well as negotiations in which at least plaintiff and plaintiff's counsel attended virtually from Wheeling, West Virginia. [Doc. 12 at 5–6]. Further, she contends that the evidence in this case is all within this Court's subpoena jurisdiction, and that a large proportion of the relevant evidence is located in Wheeling, satisfying *American*

4

*Dredging*'s private interest factors.  [Id. at 7].  Plaintiff likewise argues that the public interest factors likewise favor West Virginia: plaintiff cites the State's interest in ensuring that depositions conducted here are free from intimidation, the fact that this case involves West Virginia State law for the WVHRA claims, and the state's strong policy against discrimination.  [Id. at 8–13].

This Court finds that dismissal under *forum non conveniens* is not warranted.  In its reply, defendant correctly points out that the *American Dredging* factors are not "essential ingredients, so that the lack of support for any one factor will doom a *forum non conveniens* motion." [Doc. 16 at 3].  The failure to show that the private interest factors favor dismissal is not fatal to defendant's Motion.  However, considering all of the factors, defendant has failed to meet its "heavy burden" to show dismissal is appropriate.

First, the private interest factors, (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for securing attendance of unwilling witnesses; and (3) the cost of securing attendance of willing witnesses, weigh against dismissal.  As defendant acknowledges, "[t]he availability of witnesses and other forms of proof are not the issue here, as they will be readily available in both locations." [Doc. 16 at 4].  Contrary to defendant's assertion that these factors are therefore "a wash," this Court finds that this weighs against dismissal for *forum non conveniens*, as they show that trial in this forum would not "establish oppressiveness and vexation out of all proportion to plaintiff's convenience."  The choice of a plaintiff who is not at home in the chosen forum is admittedly given less deference.  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56 (1981) ("When the home forum has been chosen, it is reasonable to assume that this

5

choice is convenient. When the plaintiff is foreign, however, this assumption is much less reasonable. Because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference."). However, here, where plaintiff has alleged that a significant proportion of the underlying conduct occurred in Wheeling, the private interest factors weigh against dismissal.

Further, as to the Governing State law, plaintiff is alleging that defendant aided or abetted unlawful discriminatory acts in violation of W.Va. Code § 5-11-9(7); at least some of the alleged underlying conduct occurred in Wheeling, West Virginia. For the same reasons, this is a local controversy.

Finally, the Court turns to defendant's argument that any ruling in this case will necessarily interfere with the Belmont County judge's oversight of that lawsuit. This Court notes that "the litigation privilege is generally applicable to bar a civil litigant's claim for civil damages against an opposing party's attorney if the alleged act of the attorney occurs in the course of the attorney's representation of an opposing party and is conduct related to the civil action." ***Clark v. Druckman***, 218 W.Va. 427, 434, 624 S.E.2d 864, 871 (2005). The Court in ***Clark*** clarified that:

> Our ruling today does not permit attorneys or their clients to act without consequence during the litigation process. However, we believe our *Rules of Civil Procedure*, our *Rules of Professional Conduct*, and the court's inherent authority provide adequate safeguards to protect against abusive and frivolous litigation tactics.

*Id.* at 434. Clearly, then, there is a policy favoring allowing a court to police abusive

6

conduct in suits before it.  However, this case is distinguishable in that, while defendant provides liability insurance to the defendants in the Belmont County case, it did not provide defense attorneys in that case.  [Doc. 4 at ¶ 18].

## CONCLUSION

For the aforementioned reasons, Defendant's Motion to Dismiss [**Doc. 8**] is hereby **DENIED**.  Finally, the Court notes that the parties filed a stipulation agreeing to the dismissal with prejudice of defendants American International Group, Inc., and AIG Property Casualty, Inc. [Doc. 6].  In light of the agreed dismissal, the claims against those defendants are hereby **DISMISSED WITH PREJUDICE**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: April **22**, 2021.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

7